UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**LAWRENCE CRAYTON, JR.**                                               **PETITIONER**

**v.**                        **CIVIL ACTION NO. 3:12-CV-P234-H**

**UNITED STATES OF AMERICA**                                  **RESPONDENT**

### MEMORANDUM OPINION

Petitioner Lawrence Crayton, Jr., filed this *pro se* motion for a writ of error *audita querela* under the All Writs Act, 28 U.S.C. § 1651, and 18 U.S.C. § 3231. Respondent has filed a motion to dismiss (DN 6), to which Petitioner filed a rebuttal (DN 7). After considering the arguments made by both parties and the applicable law, the Court will grant Respondent's motion to dismiss.

### BACKGROUND AND SUMMARY OF ARGUMENTS

In 2001, a jury convicted Petitioner of attempt, conspiracy, and possession of over five kilograms of cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846 (No. 3:98CR-91-H). He was sentenced to three mandatory life terms based on his prior criminal record, specifically, two California felony drug convictions from 1990 and 1993. Petitioner appealed his conviction which was affirmed by the Sixth Circuit. *United States v. Crayton*, 357 F.3d 560 (6th Cir. 2004). His petition for a writ of certiorari was denied by the Supreme Court on July 9, 2004.

On June 13, 2005, Petitioner filed his first *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in which he argued ineffective assistance of counsel at both the trial and on appeal (No. 3:05CV-371). The first § 2255 motion was denied by this Court on October 4, 2005. Petitioner did not appeal the § 2255 denial. Instead, in July 2006, he

filed a second § 2255 motion in the United States District Court, Central District of California. That case was transferred to this Court (No. 3:06CV-447-H). Subsequently, the § 2255 motion was transferred to the Sixth Circuit, and the Sixth Circuit denied Petitioner's application for leave to file a second or successive motion to vacate. Thereafter, on October 17, 2007, Petitioner filed a third § 2255 motion in this Court (No. 3:07CV-561-H). In this motion Petitioner argued, in part, that the 1990 California conviction used to enhance his sentence was not a prior felony conviction. He contended that California had amended its drug laws effective July 1, 2001, and that the amendment changed his 1990 conviction from a felony to a misdemeanor. This third § 2255 motion was transferred to the Sixth Circuit since Petitioner failed to obtain permission to file a second or successive motion with this Court. Again, by order issued August 4, 2008, the Sixth Circuit denied Petitioner leave to file a second or successive motion. In addition to filing his third § 2255 motion, Petitioner also turned his attention back to his initial § 2255 motion and filed numerous motions to vacate or amend that decision. All failed to grant him the relief he sought. Presently before the Court is Petitioner's latest attempt to have his sentence modified. This time he seeks to do so through a request for a writ of error *audita querela.*

Petitioner asserts that his life sentence is invalid because one of the prior convictions used to enhance his sentence, specifically, the 1990 California state court conviction, did not qualify as a felony drug offense. Petitioner contends that the state statute under which he was convicted was amended such that it did not carry a punishment of greater than one-year at the time he was sentenced, thus changing that conviction from a felony to a misdemeanor. He argues that his counsel was ineffective for failing to raise this issue at sentencing or on appeal. Petitioner states that he was prevented from discovering this change because federal law libraries

2

do not provide inmates with state law materials. According to Petitioner it was not until sometime in 2007, when an inmate paralegal arrived at the prison where he was incarcerated, that he discovered this change in California law. Petitioner argues that these "truly extraordinary circumstances" demonstrate the inadequacy of § 2255, thus opening the door for him to seek relief via a writ of error *audita querela*.

Respondent has filed a motion to dismiss arguing that the writ of *audita querela* has no relevance to criminal sentences, that a prisoner still in custody may not use *audita querela* to petition for relief from a criminal judgment, and that § 2255 is the exclusive vehicle for Petitioner to attack his sentence.

## ANALYSIS

The writ of *audita querela* is an old common law procedure defined as a "writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment, on account of some matter of defense or discharge, arising since its rendition and which could not be taken advantage of otherwise." 12 MOORE'S FEDERAL PRACTICE § 60 App.105 (Matthew Bender 3d ed. 1997) (quoting *Black's Law Dictionary* 167 (rev. 4th ed. 1968)). The writ has been abolished by rule in civil cases. Fed. R. Civ. P. 60(b). The Supreme Court has held that Rule 60's abolition of the writ of *audita querela* is limited to civil cases. *Morgan v. United States*, 346 U.S. 502 (1954). Thus, federal courts have the authority to grant a writ of *audita querela* in a criminal case.

However, this relief is extremely limited. *See Carlisle v. United States*, 517 U.S. 416, 429 (1996) (where the Court noted that the All Writs Act covers only those situations which are not covered by statute and opined that in light of the enactment of the Federal Rules of Criminal

Procedure "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate"); *Melton v. United States*, 359 F.3d 855, 856 (7th Cir. 2004) (where the court noted that the writ of *audita querela* "has no apparent relevance to criminal sentences"); *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993) (noting that the plaintiff's reliance upon a writ of *audita querela* was a "slender reed upon which to lean" and that "[i]t is an open question whether the obsolescent writ survives as a post-conviction remedy"); *United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982) ("Our research has failed to discover any criminal case in which this writ has ever been asked for, let alone issued; it appears to be primarily a remedy of judgment debtors.").

The Sixth Circuit has articulated that one limitation to *audita querela* relief is that the sentence under attack must be completed prior to such relief being granted. *See Frost v. Snyder*, 13 F. App'x 243, 245 n.1 (6th Cir. 2001); *see also United States v. Hicks*, No. 05-17, 2008 WL 89974, at *2 (E.D. Ky. Jan. 4, 2008) (where the court found one of the bases for denying petitioner's request for *audita querela* relief was that petitioner had not finished serving his sentence). Petitioner is presently incarcerated serving the sentence about which he complains.

An additional limitation that exists barring the relief Petitioner seeks is that the asserted legal defect as to the conviction or sentence must have arisen subsequent to the entry of final judgment. *United States v. Hicks*, 2008 WL 89974, at *2; *Frost v. Snyder*, 13 F. App'x at 245; *United States v. Banda*, 1 F.3d at 356; *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992). In the present case Petitioner makes it clear that the change in the California statute about which he complains went into effect on July 1, 2001, prior to his conviction and sentencing.

4

Finally, if *audita querela* relief does exist, it survives only to plug the gap in the system of federal post-conviction remedies. *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001); *United States v. Ayala*, 894 F.2d 425 (D.C. Cir. 1990); *United States v. Johnson*, 962 F.2d at 582-83; *United States v. Kimberlin*, 675 F.2d at 869. If a challenge could have been raised pursuant to 28 U.S.C. § 2255, the writ is not available since there would be no gap to fill. *United States v. Holt*, 417 F.3d 1172 (11th Cir. 2005); *Melton v. United States*, 359 F.3d at 857-58; *United States v. Valdez-Pacheco*, 237 F.3d at 1079; *United States v. Ayala*, 894 F.2d at 427-30; *United States v. Kimberlin*, 675 F.2d at 869; *see also Pilla v. United States*, 668 F.3d 368 (6th Cir. 2012) (where the Sixth Circuit in a case seeking a writ of *coram nobis* adopted the rationale of the Seventh Circuit that if a claim falls within the scope of § 2255(a) it should be treated as such). Furthermore, just because a prisoner's § 2255 motion is procedurally barred is not enough to allow relief under *audita querela*. *Frost v. Snyder*, 13 F. App'x at 248 ("It is well settled that a petitioner's remedy under § 2255 is not inadequate merely because he is procedurally barred from filing a petition under § 2255, because the district court denied his § 2255 petition, or because he was denied permission to file a second petition under § 2255."); *United States v. Valdez-Pacheco*, 237 F.3d at 1080 (where the court found that just because petitioner could not file a second or successive § 2255 did not allow him to "circumvent valid congressional limitations on collateral attacks by asserting those very limitations create a gap in the postconviction remedies that must be filled by common law writs").

The arguments that Petitioner makes in his present motion requesting *audita querela* relief are arguments that he could, and, in fact, did make in a prior § 2255 motion. In its

5

August 4, 2008, order denying Petitioner's request to file another successive § 2255 motion, the Sixth Circuit stated,

> At the outset, we conclude that Crayton's motion was properly considered a second or successive because it raises claims that could have been previously raised, but were not. Crayton argues that he could not have previously raised his claim of actual innocence because the law libraries in the federal prison system do not supply inmates with state law research materials, and he only discovered the evidence upon which his current motion is based in August 2007, when an inmate paralegal explained to him California's amended drug laws. The record indicates, however, that he, in fact, raised the claims of ineffective assistance and the validity of the prior convictions used to impose his current life sentence in his initial § 2255 motion.

(Order at 2, *In re: Lawrence Edward Crayton, Jr.*, No. 3:98CR-91-H) (DN 216) (citation omitted). Petitioner may not now circumvent valid congressional limits on collateral attacks through the use of a writ of *audita querela*.

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1 [presently § 2255(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d at 857 (citations omitted); *see also Pilla v. United States*, 668 F.3d at 372 ("We agree with the Seventh Circuit's holding in *Melton*. If, in substance, a claim falls within the scope of § 2255(a), it should be treated as such regardless of any 'inventive captioning' by the prisoner.").

    For the reasons stated herein, Petitioner is not entitled to relief through a writ of *audita querela*. Additionally, if the Court were to construe his motion for such a writ as a § 2255 motion, it would be a successive petition which would require the Sixth Circuit's permission

prior to filing here in the district court. The Sixth Circuit has not granted such permission; thus, this Court is without jurisdiction in this matter.

      Accordingly, the Court will enter a separate Order dismissing this case.

Date:

cc:     Petitioner, *pro se*
         Counsel for the United States
4412.003