UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**LAWRENCE CRAYTON, JR.**                                                        **PETITIONER**

v.                                                         **CIVIL ACTION NO. 3:12-CV-P234-H**

**UNITED STATES OF AMERICA**                                            **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Petitioner filed a motion for reconsideration (DN 10). Respondent filed a response to the motion (DN 11) to which Petitioner filed a rebuttal (DN 12). This motion is now ripe for consideration by the Court.

In his motion to reconsider, Petitioner seeks relief under Rule 59(e) of the Federal Rules of Civil Procedure. He argues that such relief is necessary "in order to correct a clear error or prevent manifest injustice." Petitioner contends that "this Court overlooked controlling decisions by the U.S. Supreme Court, the Sixth Circuit, and persuasive authority from the sister circuits." More specifically, Petitioner argues that "this Court overlooked the fact that writ of error audita querela can grant Movant relief despite his sentence not being complete, that Movant's defense did not arise until subsequent to the entry of final judgment, and Movant's truly extraordinary circumstances . . . ."

A motion to alter or amend a judgment is committed to the discretion of the trial judge. *Nagalingam v. Wilson, Sowards, Bowling & Costanzo*, 8 F. App'x 486, 488 (6th Cir. 2001); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The purpose of Rule 59 is to allow the district court to correct its own errors in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008); *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986). Thus, the request may be granted only if Petitioner demonstrates that there is: (1) a clear error of

law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented." *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991).

Petitioner first argues that *audita querela* relief may be granted despite the fact that he has not completed his criminal sentence. The cases to which Petitioner cites to support this argument are not helpful to him. In the first and predominant case upon which Petitioner relies, *Ejelonu v. Immigration and Naturalization Serv., Dep't of Homeland Sec.*, 355 F.3d 539 (6th Cir. 2004), the Sixth Circuit subsequently vacated its opinion. As for the other cases cited by Petitioner, they address collateral consequences of earlier criminal convictions or fail to provide any argument in support of Petitioner being entitled to *audita querela* relief. *See United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) (recognizing that "Torres cannot obtain the relief he desires through coram nobis or audita querela writs [since] . . . a prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis . . . [and] a writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255") (quotation marks and citations omitted); *Doe v. Immigration and Naturalization Serv.*, 120 F. 3d 200 (9th Cir. 1997) (addressing the immigration consequences of a criminal conviction for which the criminal sentence had already been served).

Petitioner's second argument is that although the California law upon which he relies as the basis for *audita querela* relief went into effect prior to his conviction and sentence, "due to

no fault of his own, Movant's legal defect in his sentence did not arise until 2007 when he discovered California's Proposition 36 amended drug laws." Petitioner's third and final argument is that since he was unaware of the California amended drug law at the time of his conviction and sentence and was "impeded from discovering California's Proposition 36 during the one-year period he had to file a timely § 2255 motion due to the federal law libraries not supplying the inmates with state law materials," these extraordinary circumstances necessitate *audita querela* relief. Both of these arguments are predominately restatements of the arguments previously made by Petitioner in his original motion for a writ of error *audita querela* and were thoroughly considered by this Court. "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

Petitioner fails to present any basis for this Court to alter or amend its judgment. None of the arguments made by Petitioner or the cases he cites as supporting his motion for reconsideration necessitate this Court altering its prior Order denying Petitioner's request for *audita querela* relief and dismissing this action.

For the reasons stated herein and in the Court's original Memorandum Opinion (DN 8), **IT IS ORDERED** that Petitioner's motion for reconsideration (DN 10) is **DENIED**.

Date:


cc:   Petitioner, *pro se*
      Counsel for the United States
4412.003

3